UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA MARIE COLLINS,

    Plaintiff,

v.                                                   Case No. 8:21-cv-123-AAS

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration,

    Defendant.
_____/

**ORDER**

    Christina Marie Collins requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, and the parties' joint memorandum, the Commissioner's decision is **AFFIRMED**.

**I.    PROCEDURAL HISTORY**

    Ms. Collins applied for DIB and alleged disability beginning on March 10, 2017. (Tr. 15, 71–89). Disability examiners denied Ms. Collins' applications initially and after reconsideration. (Tr. 88, 108). At Ms. Collins' request, the

1

ALJ held a hearing on June 29, 2020. (Tr. 32–56, 126–127). The ALJ issued an unfavorable decision to Ms. Collins on July 27, 2020. (Tr. 12–31).

On November 19, 2020, the Appeals Council denied Ms. Collins' request for review, making the ALJ's decision final. (Tr. 1–6). Ms. Collins requests judicial review of the Commissioner's final decision. (Doc. 1).

## II.     NATURE OF DISABILITY CLAIM

### A.     Background

Ms. Collins was forty-one years old on her alleged onset date of March 10, 2017 and forty-four years old on the date she applied for DIB, May 6, 2019. (Tr. 71). Ms. Collins has a high school education with two years of college education and has past relevant work as a cashier and auto parts sales person. (Tr. 23, 87–88).

### B.     Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. §§ 404.1520(a) First, if a claimant is engaged in substantial gainful activity,[2] she is not disabled. 20 C.F.R. §§ 404.1520(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her

---

[1] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572.

physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. §§ 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] *Id.* Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing work that exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1520(g).

The ALJ determined Ms. Collins did not engage in substantial gainful activity since March 10, 2017. (Tr. 17). The ALJ found Ms. Collins had two severe impairments: unspecified arthropathy and obesity. (Tr. 18). But the ALJ found none of Ms. Collins' impairments or any combination of her impairments met or medically equaled the severity of an impairment in the Listings. (Tr. 19).

---

[3] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. 20 C.F.R. §§ 404.1545(a)(1).

The ALJ found Ms. Collins had the RFC to perform light work[4] the following nonexertional limitations:

> [Ms. Collins] could lift and/or carry 20 pounds occasionally and 10 pounds frequently. She could stand and/or walk 4 hours in an 8-hour workday. She could sit 6 hours in an 8-hour workday. She could never climb ladders, ropes, or scaffolds. She could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She needed to avoid concentrated exposure to hazards.

(*Id.*).

Based on these findings and the testimony of a vocational expert (VE), the ALJ determined Ms. Collins could not perform her past relevant work. (Tr. 23). The ALJ then determined Ms. Collins could perform other jobs existing in significant numbers in the national economy, specifically as a small products assembler, electronics worker, and a toll collector. (Tr. 24). As a result, the ALJ found Ms. Collins not disabled from March 10, 2017, through the date on which Ms. Collins was last insured, June 30, 2019. (*Id.*).

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

## III.   ANALYSIS

### A.   Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also*

5

*Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B. Issues on Appeal

Ms. Collins raises two issues on appeal: (1) that the ALJ's RFC is not supported by substantial evidence (Doc. 22, pp. 22–27); and (2) that the ALJ's conclusion that Ms. Collins' allegations of pain were "not entirely consistent with the medical evidence" was not supported by substantial evidence. (*Id.* at 31–35)

#### 1. Whether the ALJ's conclusion that Ms. Collins can only do light work is supported by substantial evidence.

Ms. Collins argues the ALJ's conclusion that Ms. Collins can only do light work is not supported by substantial evidence. (Doc. 22, pp. 22–27). Ms. Collins argues the relevant medical evidence shows Ms. Collins' knee pain and other unspecified arthropathy was so debilitating it "kept her from being able to do any work, let alone light work." (*Id.* at 23). Ms. Collins argues medical evidence from before her date last insured establishes that "[i]t is simply not realistic to conclude that during that time period, Ms. Collins could do light work," but also argues medical evidence from beyond her date last insured supports the conclusion that her knee pain prevented her from doing any work. (*Id.* at 25–

27). Ms. Collins also argues the ALJ "provides no support" for the conclusion that Ms. Collins' "knee problems became significantly more severe only after the date last insured." (*Id.* at 27) (*citing* (Tr. 22)).

The Commissioner responds the RFC is supported by substantial evidence. (Doc. 22, pp. 27–31). Specifically, the Commissioner argues the ALJ's conclusion that Ms. Collins could perform "a *reduced* range of light work" is supported by substantial evidence. (*Id.* at 28). The Commissioner cites medical evidence from the month prior to Ms. Collins' date last insured that concluded Ms. Collins had "normal gait and station . . . normal tone and motor strength . . . and normal movement of all extremities." (*Id.* at 28–29) (*citing* (Tr. 973)). The Commissioner notes the state agency medical consultants reached similar conclusions about Ms. Collins' RFC as the ALJ. (*Id.* at 29–30) (*citing* (Tr. 83–104)). The Commissioner further argues the medical evidence Ms. Collins provides from beyond her date last insured is irrelevant because it does not show she "became disabled prior to the expiration of her insured status." (*Id.* at 30–31).

The ALJ's conclusion is supported by substantial evidence. The ALJ found Ms. Collins' subjective allegations of pain inconsistent with the medical evidence in the record because her most recent medical evidence prior to her date last insured showed "she appeared healthy, well nourished, well

7

developed, and in no distress." (Tr. 22). A May 30, 2019 evaluation by Advanced Practice Registered Nurse (APRN) Geoffry Hall found Ms. Collins had right knee pain, but otherwise concluded Ms. Collins ambulated normally and had normal muscle tone and strength. (Tr. 973–974). As Ms. Collins notes, this evaluation was conducted shortly after Ms. Collins underwent her fourth surgery on her right knee. (Doc. 22, p. 24) (*citing* (Tr. 678, 693, 699, 1048)).

An August 13, 2019 state agency review of Ms. Collins' medical record by Gary Smith, M.D., concluded Ms. Collins "could perform light work, had postural limitations, and needed to avoid concentrated exposure to hazards." (Tr. 22) (*citing* (Tr. 82–84)). A separate October 29, 2019 state agency review of Ms. Collins' medical record by Linda Burke Galloway, M.D., similarly concluded Ms. Collins "could perform light work, could stand and/or walk 4 hours, could occasionally perform postural activities, and needed to avoid concentrated exposure to hazards." (*Id.*) (*citing* (Tr. 104–106)).

The ALJ found Dr. Smith's and Dr. Galloway's evaluations persuasive, in particular Dr. Galloway's evaluation, because the evaluations were consistent with the most recent medical evidence prior to Ms. Collins' date last insured. (Tr. 22–23). Ms. Collins argues medical evaluations conducted after her date last insured "further supports the problems she was having during the relevant time period." (Doc. 22, p. 26). However, as the ALJ's decision notes,

8

Ms. Collins "must establish disability on or before [her date last insured] in order to be entitled to a period of disability and disability insurance benefits." (Tr. 16). *See also Whitton v. Comm'r, Soc. Sec. Admin.*, 643 F. App'x 842, 847 (11th Cir. 2016) (per curiam) (concluding the ALJ did not err in assigning no weight to a medical opinion because it was issued after the claimant's date last insured and did not address the relevant time period). Ms. Collins provides no evidence to support the conclusion that these records "related back to the time frame at issue." *Capell v. Saul*, No. 8:19-cv-2474-TPB-AAS, 2020 WL 5868165, at *3 (M.D. Fla. Sept. 9, 2020). *See Bullard v. Comm'r, Soc. Sec. Admin*, 752 F. App'x 753, 755 (11th Cir. 2018); *Jones v. Colvin*, No. 3:15-cv-208-MMH-MCR, 2015 WL 9694507, at *6 (M.D. Fla. Dec. 15, 2015) ("[O]pinions rendered after Plaintiff's date of last insured are of little value to the ALJ's disability determination"). Thus, substantial evidence supports the ALJ's conclusion that Ms. Collins could perform a reduced range of light work prior to her date last insured.

>   **2. Whether the ALJ's conclusion that Ms. Collins' allegations of pain were "not entirely consistent with the medical evidence" was supported by substantial evidence.**

Ms. Collins argues substantial evidence does not support the ALJ's conclusion that Ms. Collins' subjective allegations of knee pain were not entirely consistent with the medical evidence. (Doc. 22, pp. 31–35). Ms. Collins

argues the medical records the ALJ cites to support this conclusion are "internally inconsistent" and "should not be allowed to be used as a reason for finding Ms. Collins' allegations not supported" because "the wealth of evidence from Ms. Collins' treating specialists about her knee pain" support her subjective allegations of knee pain. (*Id.* at 32–33). Ms. Collins also disputes the ALJ's conclusion that Ms. Collins' subjective allegations of left arm pain are inconsistent with the medical evidence. (*Id.* at 34–35).

The Commissioner responds that the ALJ "accurately summariz[ed]" Ms. Collins' subjective allegations of pain. (*Id.* at 36). The Commissioner argues the medical records relied upon by the ALJ are not internally inconsistent. (*Id.* at 37–38). The Commissioner further argues the ALJ provided "clearly articulated reasons, supported by substantial evidence, for not giving full credence to [Ms. Collins'] subjective complaints of disabling pain and other symptoms." (*Id.* at 38–39).

The ALJ's conclusion that Ms. Collins' "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record" is supported by substantial evidence. (Tr. 20). The ALJ cited to APRN Hall's May 30, 2019 evaluation that concluded Ms. Collins ambulated normally and had normal muscle tone and strength. (Tr. 973–974). Ms. Collins' allegations that

APRN Hall's evaluation was "probably a form that ARNP Hall could check to add details to" and "[s]ince he was not seeing her on that day for her knee pain, he probably simply did not check that part of the form" are unsubstantiated. (Doc. 22, pp. 32–33).

Further, Ms. Collins' argument that it is unreasonable to conclude her subjective allegations of pain are inconsistent with the medical record given her "3 left knee operations and 7 right knee operations . . . physical therapy, injections, medications, x-rays, CT scans and MRIs" misconstrues the ALJ's conclusion. The ALJ did not dispute Ms. Collins now suffers from severe knee pain; rather, the ALJ concluded Ms. Collins "knee problems became significantly more severe only after the date last insured." (Tr. 22). Ms. Collins' references to the preponderance of the evidence standard applied by the ALJ to Ms. Collins' case are inapposite because (as addressed above) the standard of review for Social Security disability appeals is whether the ALJ applied correct legal standards and whether substantial evidence supports her findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

Finally, Ms. Collins takes issue with the ALJ's conclusion that a March 8, 2017 evaluation conducted by orthopedist Francisco Schwartz-Fernand, M.D., after Ms. Collins' December 2016 left forearm surgery, "noted that there was no explanation for why she was having pain" in her left forearm post-

11

operation. (Tr. 21). Ms. Collins contends records from this March 2017 evaluation provide that Dr. Schwartz-Fernand "was not saying that she had unexplained pain as the ALJ alleged, but that further investigation was needed to determine the cause of her pain." (Doc. 22, p. 35).

The ALJ's statement appears to stem from a line in Dr. Schwartz-Fernand's medical report stating "I cannot explain why [Ms. Collins] is having pain on the musculature [sic] dorsal aspect of the forearm." (Tr. 21; 631). Ms. Collins concedes her subjective allegations of pain in her left forearm did not appear again in the medical record until two months after her date last insured in an August 14, 2019 evaluation by neurologist Alain Delgado, M.D. Thus, even assuming Ms. Collins is correct that Dr. Schwartz-Fernand meant further investigation of her left forearm was needed to determine the cause of her pain, no further medical evidence exists in the record exists showing her subjective allegations of arm pain until well after her date last insured. Substantial evidence therefore supports the ALJ's conclusion that Ms. Collins' subjective allegations of pain in her left forearm and right knee at the time of her date last insured were not consistent with the evidence in the medical record.

## IV. CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED,** and the Clerk is directed to enter judgment in favor of the Commissioner.

**ORDERED** in Tampa, Florida on June 6, 2022.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge